A. Robert Pietrzak
Andrew W. Stern
Dorothy J. Spenner
Vikeena K. Bonett
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
Tel.: (212) 839-5300

*Attorneys for Defendant*
*Merrill Lynch & Co., Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
IN RE GIANT INTERACTIVE GROUP,   :   07 CV 10588 (RWS)
INC. SECURITIES LITIGATION        :
------------------------------------------------------:
DOCUMENT RELATES TO               :   ECF CASE
ALL ACTIONS                        :
------------------------------------------------------x

## ANSWER OF DEFENDANT MERRILL LYNCH & CO., INC. TO THE CONSOLIDATED AMENDED COMPLAINT

Defendant Merrill Lynch & Co., Inc. ("Merrill Lynch"), through its undersigned counsel, for its Answer to the Consolidated Amended Complaint dated October 6, 2008 (the "Complaint"), responds as follows to the allegations of the Complaint, and avers generally that the responses contained herein are with respect to the allegations of the Complaint directed to Merrill Lynch only, as Merrill Lynch is not in a position to respond to allegations set forth against any other defendant:

1.  Denies the allegations contained in paragraph 1 of the Complaint, except admits that this action purports to be a federal securities class action on behalf of a class of all persons other than Defendants who purchased the American Depositary Shares ("ADSs") of

Giant Interactive Group, Inc. ("Giant") pursuant and/or traceable to Giant's initial public offering on or about November 1, 2007 (the "IPO") through November 19, 2007.

2.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint, except admits that Giant develops and operates online games in the People's Republic of China and that Giant sometimes reports the number of average concurrent users ("ACU") and peak concurrent users ("PCU") for its games.

3.      Denies the allegations contained in the first sentence of paragraph 3 of the Complaint. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 3 of the Complaint, except admits that Giant filed a registration statement in connection with the IPO (the "Registration Statement") and that Merrill Lynch exercised its over-allotment option in connection with the IPO, and refers the Court to the Registration Statement for its true and complete terms.

4.      Denies the allegations contained in paragraph 4 of the Complaint, except admits that the Registration Statement issued in connection with the IPO incorporated a prospectus (the "Prospectus"), and refers the Court to the Registration Statement for a true and complete statement of its contents.

5.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint, and refers the Court to Giant's November 19, 2007 press release for a true and complete statement of its contents and to public trading records for a true and complete record of trading activity in and prices of Giant ADSs.

6. Denies the allegations contained in paragraph 6 of the Complaint, except admits that the Plaintiffs purport to bring this action pursuant 15 U.S.C. §§ 77k and 77l(a)(2).

7. Avers that, because the allegations contained in paragraph 7 of the Complaint purport to state a legal conclusion, no responsive pleading is required. To the extent a response is deemed required, Merrill Lynch admits the allegations contained in paragraph 7 of the Complaint, except denies the allegations to the extent the putative class includes purchasers from outside of the United States.

8. Avers that, because the allegations contained in paragraph 8 of the Complaint purport to state a legal conclusion, no responsive pleading is required. To the extent a response is deemed required, Merrill Lynch denies the allegations contained in paragraph 8 of the Complaint, except admits that Merrill Lynch maintains offices in this District and that Giant's ADSs are traded over the New York Stock Exchange "NYSE," which is based in this District. With respect to the other Defendants, Merrill Lynch denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint.

9. Denies the allegations contained in paragraph 9 of the Complaint.

10. Avers that, because the allegations contained in paragraph 10 of the Complaint purport to state a legal conclusion, no responsive pleading is required. To the extent a response is deemed required, Merrill Lynch denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint.

11. Admits the allegations contained in paragraph 11 of the Complaint.

12. Denies the allegations contained in paragraph 12 of the Complaint that relate to Merrill Lynch, except admits that Merrill Lynch served as an underwriter for the IPO

and maintains offices in this District, and refers the Court to the Underwriting Agreement for the underwriting arrangements. With respect to the other Underwriter Defendant, Merrill Lynch denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint.

13.     Denies the allegations contained in paragraph 13 of the Complaint, except admits that this action purports to be a federal securities class action on behalf of the putative class of persons purportedly defined in paragraph 13 of the Complaint.

14.     Avers that, because the allegations contained in paragraph 14 of the Complaint purport to state a legal conclusion, no responsive pleading is required. To the extent a response is deemed required, Merrill Lynch denies the allegations contained in paragraph 14 of the Complaint, except admits that Giant sold more than 65 million ADSs in the IPO.

15.     Denies knowledge or information sufficient to form a belief as to the allegations regarding Plaintiffs' intentions contained in paragraph 15 of the Complaint. Denies the remaining allegations contained in paragraph 15 of the Complaint.

16.     Avers that, because the allegations contained in paragraph 16 of the Complaint purport to state a legal conclusion, no responsive pleading is required. To the extent a response is deemed required, Merrill Lynch denies the allegations contained in paragraph 16 of the Complaint.

17.     Avers that, because the allegations contained in paragraph 17 of the Complaint purport to state a legal conclusion, no responsive pleading is required. To the extent a response is deemed required, Merrill Lynch denies the allegations contained in paragraph 17 of the Complaint.

18. Avers that, because the allegations contained in paragraph 18 of the Complaint purport to state a legal conclusion, no responsive pleading is required. To the extent a response is deemed required, Merrill Lynch denies the allegations contained in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint, except admits that Giant describes itself as one of China's leading online game developers and operators and that Giant focuses on massively multiplayer online, or MMO, games.

20. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint, except admits that Giant offers MMO games, including ZT Online, a free-to-play online game set in ancient China, ZT Online PTP, a pay-to-play game based on the ZT Online game, and Giant Online, a military themed game.

21. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint.

22. Admits the allegations contained in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint, except admits that Giant filed the Prospectus with the SEC and refers the court to the Prospectus for the date it was declared effective by the SEC and for a true and complete statement of its contents, admits more than 57 million shares of Giant ADSs were sold, and admits that Merrill Lynch exercised its over-allotment option. With respect to the other Underwriter Defendant, Merrill Lynch denies

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint.

24.     Denies the allegations contained in paragraph 24 of the Complaint, except admits that Merrill Lynch served as an underwriter and joint bookrunner for the IPO and that Merrill Lynch purchased ADSs from Giant, and refers the Court to the Registration Statement, Prospectus, Underwriting Agreement and Agreement Among Underwriters applicable to the IPO for a true and complete description of the underwriting arrangements, including compensation to be paid to the underwriters. With respect to the other Underwriter Defendant, Merrill Lynch denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint.

27.     Denies the allegations contained in paragraph 27 of the Complaint, and refers the Court to the Registration Statement and Prospectus for their true and complete terms.

28.     Denies the allegations contained in paragraph 28 of the Complaint, except admits that paragraph 28 quotes a portion of the Registration Statement, and refers the Court to the Registration Statement for its true and complete terms.

29.     Denies the allegations contained in paragraph 29 of the Complaint, except admits that paragraph 29 quotes a portion of the Registration Statement, and refers the Court to the Registration Statement for its true and complete terms.

30. Denies the allegations contained in paragraph 30 of the Complaint, except admits that paragraph 30 quotes a portion of the Registration Statement, and refers the Court to the Registration Statement for its true and complete terms.

31. Denies the allegations contained in paragraph 31 of the Complaint.

32. Denies the allegations contained in paragraph 32 of the Complaint, except admits that, prior to the IPO, Giant had implemented and disclosed a rule change for ZT Online to discourage gold farming activities, and the subsequent decline in ACU and PCU, and refers the Court to the Registration Statement for its true and complete terms.

33. Denies the allegations contained in paragraph 33 of the Complaint and refers the Court to the Registration Statement for its true and complete terms.

34. Denies the allegations contained in paragraph 34 of the Complaint, except admits that the Prospectus was filed on November 1, 2007 and refers the Court to the Prospectus for its true and complete terms.

35. Denies the allegations contained in paragraph 35 of the Complaint, and refers the Court to the Prospectus for its true and complete terms.

36. Denies the allegations contained in paragraph 36 of the Complaint, except admits that paragraph 36 quotes a portion of the Registration Statement, and refers the Court to the Registration Statement for its true and complete terms.

37. Denies the allegations contained in paragraph 37 of the Complaint, except admits that paragraph 37 quotes a portion of the Registration Statement, and refers the Court to the Registration Statement for its true and complete terms.

38. Avers that because the allegations contained in paragraph 38 of the Complaint purport to state a legal conclusion, no responsive pleading is required. To the extent a

responsive pleading is deemed required, Merrill Lynch denies the allegations contained in paragraph 38 of the Complaint.

39. Denies the allegations contained in paragraph 39 of the Complaint, except admits that Giant issued a press release on November 19, 2007, and refers the Court to Giant's November 19, 2007 press release for its true and complete terms.

40. Denies the allegations contained in paragraph 40 of the Complaint, except admits that Giant filed a Form 6-K on November 20, 2007, and refers the Court to the Form 6-K that Giant filed with the SEC on November 20, 2007 for its true and complete terms.

41. Denies the allegations contained in paragraph 41 of the Complaint, except admits that Giant held a conference call with analysts on November 20, 2007, and refers the Court to the transcript of that conference call for its true and complete terms.

42. Denies the allegations contained in paragraph 42 of the Complaint, except admits that Giant held a conference call with analysts on November 20, 2007, and refers the Court to the transcript of that conference call for its true and complete terms.

43. Denies the allegations contained in paragraph 43 of the Complaint, and refers the Court to public trading records for a true and complete record of trading activity in and prices of Giant ADSs.

## COUNT I

### Violations of Section 11 of the Securities Act
### Against All Defendants

44. Repeats each and every response previously stated in paragraphs 1 through 43 above as if fully set forth fully therein.

45. The statements contained in paragraph 45 of the Complaint do not contain factual allegations capable of being admitted or denied, and, accordingly, Merrill Lynch states that no response is required.

46. Denies the allegations contained in paragraph 46 of the Complaint.

47. Avers that, because the allegations contained in paragraph 47 of the Complaint purport to state a legal conclusion, no responsive pleading is required. To the extent that a response is deemed required, Merrill Lynch denies the allegations contained in paragraph 47 of the Complaint that relate to Merrill Lynch. With respect to all other Defendants, Merrill Lynch denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of the Complaint.

48. Avers that, because the allegations contained in paragraph 48 of the Complaint are not directed to Merrill Lynch, no responsive pleading is required.

49. Denies the allegations contained in paragraph 49 of the Complaint that relate to Merrill Lynch. With respect to all other Defendants, Merrill Lynch denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 49 of the Complaint.

50. Avers that, because the allegations contained in paragraph 50 of the Complaint purport to state a legal conclusion, no responsive pleading is required. To the extent that a response is deemed required, Merrill Lynch denies the allegations contained in paragraph 50 of the Complaint that relate to Merrill Lynch. With respect to all other Defendants, Merrill Lynch denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 50 of the Complaint.

51.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of the Complaint.

52.   Avers that, because the allegations contained in paragraph 52 of the Complaint purport to state a legal conclusion, no responsive pleading is required. To the extent that a response is deemed required, Merrill Lynch denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 52 of the Complaint and denies the remaining allegations contained in paragraph 52 of the Complaint.

53.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the Complaint, except denies that Merrill Lynch engaged in any wrongful conduct.

## COUNT II

### Violations of Section 12(a)(2) of the Securities Act
### Against All Defendants

54.   Repeats each and every response previously stated in paragraphs 1 through 53 above as if fully set forth fully therein.

55.   The statements contained in paragraph 55 of the Complaint do not contain factual allegations capable of being admitted or denied, and, accordingly, Merrill Lynch states that no response is required.

56.   Avers that, because the allegations contained in paragraph 56 of the Complaint purport to state a legal conclusion, no responsive pleading is required. To the extent that a response is deemed required, Merrill Lynch denies the allegations contained in paragraph 56 of the Complaint that relate to Merrill Lynch, and refers the Court to the Registration Statement and Prospectus for their true and complete terms. With respect to the other

Defendants, Merrill Lynch denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 56 of the Complaint.

57.     Denies the allegations contained in paragraph 57 of the Complaint that relate to Merrill Lynch, except admits that Merrill Lynch participated in the preparation of the Prospectus and refers the Court to the Prospectus for its true and complete terms. With respect to the other Defendants, Merrill Lynch denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 57 of the Complaint.

58.     Denies the allegations contained in Paragraph 58 of the Complaint, except admits that Merrill Lynch purchased Giant's ADSs and refers the Court to the Underwriting Agreement issued in connection with the IPO for a true and complete description of the underwriting arrangements. With respect to the other Underwriter Defendant, Merrill Lynch denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 58 of the Complaint.

59.     Denies the allegations contained in paragraph 59 of the Complaint, except admits that Merrill Lynch participated in the preparation of the Prospectus and refers the Court to the Underwriting Agreement for the underwriting arrangements. With respect to the other Underwriter Defendant, Merrill Lynch denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 59 of the Complaint.

60.     Denies the allegations contained in paragraph 60 of the Complaint, and refers the Court to the Prospectus for a true and complete statement of its contents.

61.     Denies that there were any untruths or omissions contained in the Prospectus and denies knowledge or information sufficient to form a belief as to the allegations

contained in paragraph 61 of the Complaint relating to Lead Plaintiffs' and the other Class members' knowledge.

62. Avers that, because paragraph 62 purports to state a legal conclusion, no responsive pleading is required. To the extent a response is deemed required, Merrill Lynch denies the allegations contained in paragraph 62 that relate to Merrill Lynch. With respect to the other Defendants, Merrill Lynch denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 62 of the Complaint.

63. Avers that, because paragraph 63 purports to state a legal conclusion, no responsive pleading is required. To the extent a response is deemed required, Merrill Lynch denies the allegations contained in paragraph 63 that relate to Merrill Lynch. With respect to the other Defendants, Merrill Lynch denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 63 of the Complaint.

To the extent that the Complaint sets forth any allegations to which Merrill Lynch has not responded above, these are denied.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against Merrill Lynch upon which relief may be granted.

### SECOND DEFENSE

The claims asserted in the Complaint against Merrill Lynch are barred, in whole or in part, because of lack of standing.

THIRD DEFENSE

The Court lacks subject matter jurisdiction over the claims of any purchasers who are not residents of the United States.

FOURTH DEFENSE

The claims asserted in the Complaint against Merrill Lynch are barred because there were no misstatements or omissions of material facts.

FIFTH DEFENSE

The claims asserted in the Complaint against Merrill Lynch are barred because Merrill Lynch did not make misstatements or omissions of material fact.

SIXTH DEFENSE

The claims asserted in the Complaint against Merrill Lynch are barred because all material information was disclosed in Giant's public filings, prospectus, and other public releases, or was otherwise publicly available or widely known to the market and the investing community.

SEVENTH DEFENSE

The claims asserted in the Complaint against Merrill Lynch are barred because the alleged misrepresentations or omissions on which plaintiffs base such claims were not material.

EIGHTH DEFENSE

The claims asserted in the Complaint against Merrill Lynch are barred by the bespeaks caution doctrine.

NINTH DEFENSE

Giant's public filings contained meaningful cautionary statements that preclude plaintiffs from prevailing on their claims against Merrill Lynch.

TENTH DEFENSE

The claims asserted in the Complaint against Merrill Lynch are barred because Merrill Lynch, after reasonable investigation, had reasonable ground to believe and did believe at the time the Registration Statement became effective that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

ELEVENTH DEFENSE

The claims asserted in the Complaint against Merrill Lynch are barred because if any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, which Merrill Lynch denies, Merrill Lynch did not know, and in the exercise of reasonable care could not have known, of such untruth or omission.

TWELFTH DEFENSE

The claims asserted in the Complaint against Merrill Lynch are barred because, with respect to the parts of the registration statement purporting to be made on the authority of an expert, Merrill Lynch had no reasonable ground to believe, and did not believe, at the time the Registration Statement became effective that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such statements did not fairly represent the statement of the expert.

THIRTEENTH DEFENSE

Plaintiffs' damages, if any, resulted from the acts or omissions of plaintiffs themselves or others and not from any acts or omissions by Merrill Lynch.

### FOURTEENTH DEFENSE

The claims asserted in the Complaint against Merrill Lynch are barred because plaintiffs failed to use reasonable care to prevent or diminish any alleged damages.

### FIFTEENTH DEFENSE

Merrill Lynch does not know sufficient facts regarding the conduct of plaintiffs to assert defenses based upon ratification, unclean hands, estoppel, laches, waiver, or the like. Upon discovery of facts establishing the existence of such defenses, Merrill Lynch will seek to amend this Answer for the purpose of alleging any such defenses.

### SIXTEENTH DEFENSE

The claims asserted in the Complaint against Merrill Lynch are barred because plaintiffs failed to exercise reasonable care in their decision to purchase the Giant ADSs.

### SEVENTEENTH DEFENSE

The claims asserted in the Complaint against Merrill Lynch are barred because plaintiffs assumed the risk of losses on securities transactions at issue in this action.

### EIGHTEENTH DEFENSE

The claims asserted in the Complaint are barred because the claimed damages represents, in whole or in part, other than the depreciation in value of the Giant ADSs resulting from any portion of the registration statement that may be proven to be untrue or omitting a material fact required to be stated therein or necessary to make the statements therein not misleading.

### NINETEENTH DEFENSE

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, which Merrill Lynch

denies, and if the named plaintiffs or any members of the putative classes were aware of that statement or omission, then such plaintiffs cannot prevail on their claims against Merrill Lynch.

### TWENTIETH DEFENSE

Merrill Lynch hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant to the extent Merrill Lynch may share in such defense.

### TWENTY-FIRST DEFENSE

Plaintiffs are not entitled to their costs and expenses of this litigation, including attorneys' fees, accountants' fees, experts' fees and other costs and disbursements.

### TWENTY-SECOND DEFENSE

Merrill Lynch reserves the right to assert other defenses, cross-claims, and third-party claims when and if they become appropriate in this action.

WHEREFORE, Merrill Lynch seeks judgment:

    A.    dismissing with prejudice all claims asserted against Merrill Lynch;

    B.    awarding the costs of defending this action, including reasonable attorneys' fees, costs and disbursements; and

    C.    granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York  
September 23, 2009

SIDLEY AUSTIN LLP  
By: /s/ A. Robert Pietrzak  
    A. Robert Pietrzak  
    Andrew W. Stern  
    Dorothy J. Spenner  
    Vikeena K. Bonett  
    787 Seventh Avenue  
    New York, New York 10019  
    Telephone: (212) 839-5300  
    Facsimile: (212) 839-5599  
*Attorneys for Defendant Merrill Lynch & Co., Inc.*

## CERTIFICATE OF SERVICE

I, Dorothy J. Spenner, hereby certify that on the 23rd day of September 2009, I caused the foregoing Answer of Defendant Merrill Lynch & Co., Inc. to the Consolidated Amended Complaint to be served on the counsel listed below via the methods listed below.

<u>Via the Court's ECF system and Via FedEx</u>

| | |
|---|---|
| Samuel Howard Rudman<br>Mario Alba, Jr.<br>Coughlin Stoia Geller Rudman & Robbins, LLP (LI)<br>58 South Service Road<br>Suite 200<br>Melville, NY 11747 | Jonathan Rosenberg<br>Lori E. Romley<br>O'Melveny & Myers LLP<br>7 Times Square<br>New York, NY 10036 |
| Jack Gerald Fruchter<br>Abraham Fruchter & Twersky LLP<br>One Penn Plaza<br>Suite 2805<br>New York, NY 10119 | Seth Aronson<br>O'Melveny & Myers LLP<br>400 South Hope Street<br>Los Angeles, CA 90071 |
| Evan J. Smith<br>Brodsky & Smith, L.L.C.<br>240 Mineola Blvd.<br>Mineola, NY 11501 | Meredith Landy<br>O'Melveny & Myers LLP<br>2765 Sand Hill Road<br>Menlo Park, CA 94025 |

Dated: New York, New York  By: /s/ Dorothy J. Spenner
September 23, 2009        Dorothy J. Spenner

NY1 7056909v.5