UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GIANT INTERACTIVE GROUP, INC. SECURITIES LITIGATION <br><br> This Document Relates to: <br><br> ALL ACTIONS | Case No. 07 CV 10588 <br><br> <u>CLASS ACTION</u> <br><br> **ANSWER** |

Defendant Giant Interactive Group, Inc., ("Giant" or "Defendant"), through its attorneys O'Melveny & Myers LLP, for its Answer to plaintiffs' Consolidated Amended Complaint, dated October 6, 2008 (the "Complaint"), states as follows:

## NATURE OF THE ACTION

1. Declines to respond to paragraph 1 on the ground that it purports to describe plaintiffs' action and, thus, no response is required, except admits that the initial public offering ("IPO") for Giant American Depositary Shares ("ADS") took place on or about November 1, 2007.

2. Denies each and every allegation of paragraph 2, excepts admits that (i) Giant develops and operates online games in the People's Republic of China; (ii) Giant focuses on massively multiplayer online games; and (iii) Giant uses several metrics to report on the strength and popularity of its games including average concurrent users ("ACU") and peak concurrent users ("PCU").

3. Denies each and every allegation of paragraph 3, except admits that (i) on September 30, 2007, Giant completed its third fiscal quarter for 2007; (ii) Giant raised approximately $886 million through the sale of approximately 57 million ADS at $15.50 per

ADS in the IPO that took place on or about November 1, 2007; and (iii) Giant and its underwriters exercised an over-allotment option, which resulted in the sale of approximately 8.6 million ADS at $15.50 per ADS and raised approximately $133 million in the IPO.

        4.        Denies each and every allegation of paragraph 4.

        5.        Denies each and every allegation of paragraph 5, except admits that (i) on November 19, 2007, Giant announced its fiscal results for the third quarter 2007; and (ii) Giant's share price closed at $14.88 per ADS on November 19, 2007, and at $11.10 per ADS on November 20, 2007.

## JURISDICTION AND VENUE

        6.        Declines to respond to paragraph 6 on the ground that it purports to describe the nature of plaintiffs' action and thus no response is required.

        7.        Declines to respond to paragraph 7 on the ground that it states a legal conclusion to which no response is required. To the extent any response is required, Giant denies the allegations of paragraph 7.

        8.        Declines to respond to the first sentence of paragraph 8 on the ground that it states a legal conclusion to which no response is required. To the extent any response is required, Giant denies the allegations of paragraph 8's first sentence. Denies the allegations of paragraph 8's second sentence. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 8, except admits that Giant's ADS are traded over the New York Stock Exchange, which is located in New York, New York.

        9.        Denies each and every allegation of paragraph 9.

## PARTIES

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11. Admits the allegations of paragraph 11.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, except admits that Defendants UBS Investment Bank ("UBS") and Merrill Lynch & Co. ("Merrill Lynch") served as underwriters for the IPO.

## PLAINTIFFS' CLASS ACTION ALLEGATIONS

13. Declines to respond to paragraph 13 on the ground that it purports to describe the nature of plaintiffs' action and thus no response is required.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, except admits that Giant sold more than 65 million shares of ADS in the IPO.

15. Denies the allegations of paragraph 15, except admits that plaintiffs have retained competent counsel experienced in class action litigation.

16. Denies the allegations of paragraph 16.

17. Denies the allegations of paragraph 17.

18. Denies the allegations of paragraph 18.

## SUBSTANTIVE ALLEGATIONS

19. Admits the allegations of paragraph 19.

20. Admits the allegations of paragraph 20.

21. Admits the allegations of paragraph 21.

22. Admits the allegations of paragraph 22.

23. Admits the allegations of paragraph 23.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, except admits that (i) Defendants UBS and Merrill Lynch served as lead underwriters and "joint bookrunners" for the IPO; and (ii) Defendants UBS and Merrill Lynch purchased 22,521,486 ADS from Giant.

25. Admits the allegations of paragraph 25.

26. Denies each and every allegation of paragraph 26, except admits that (i) the subscription figure may be used to assess the revenue and popularity of a pay-to-play game; (ii) there are no subscription fees in a free-to-play game such as ZT Online; and (iii) Giant uses several metrics to report on the popularity of its games, including ACU and PCU.

27. Denies each and every allegation of paragraph 27.

28. Denies each and every allegation of paragraph 28, except admits that the excerpted language is contained within the Registration Statement and respectfully refers the Court to the Prospectus and Registration Statement for a true and complete statement of their contents.

29. Denies each and every allegation of paragraph 29, except admits that the excerpted data is located within the Registration Statement and respectfully refers the Court to the Prospectus and Registration Statement for a true and complete statement of their contents.

30. Denies each and every allegation of paragraph 30, except admits that the excerpted language is contained within the Registration Statement and respectfully refers the Court to the Prospectus and Registration Statement for a true and complete statement of their contents.

31. Denies each and every allegation of paragraph 31.

32. Denies each and every allegation of paragraph 32, except admits that (i) prior to the IPO, Giant implemented a rule change to discourage gold farming activities in ZT Online; and (ii) the rule change contributed to a decrease in ACU. Giant otherwise respectfully refers the Court to the Prospectus and Registration Statement for a true and complete statement of their contents.

33. Denies each and every allegation of paragraph 33, except admits that the excerpted language is contained in the Registration Statement and respectfully refers the Court to the Prospectus and Registration Statement for a true and complete statement of their contents.

34. Denies each and every allegation of paragraph 34, except admits that (i) Giant's third quarter ended on September 30, 2007; and (ii) the Prospectus was filed on or about November 1, 2007. Giant otherwise respectfully refers the Court to the Prospectus and Registration Statement for a true and complete statement of their contents.

35. Denies each and every allegation of paragraph 35, except admits that the excerpted language is contained in the Prospectus and respectfully refers the Court to the Prospectus and Registration Statement for a true and complete statement of their contents.

36. Denies each and every allegation of paragraph 36, except admits that the excerpted language is contained in the Registration Statement and respectfully refers the Court to the Prospectus and Registration Statement for a true and complete statement of their contents.

37. Denies each and every allegation of paragraph 37, except admits that the excerpted language is contained within the Registration Statement and respectfully refers the Court to the Prospectus and Registration Statement for a true and complete statement of their contents.

38. Denies each and every allegation of paragraph 38, except to the extent that it

states legal conclusions, as to which no response is required.

39. Denies each and every allegation of paragraph 39, except admits that on or about November 19, 2007, Giant issued a press release and respectfully refers the Court to that press release for a true and complete statement of its contents.

40. Denies each and every allegation of paragraph 40, except admits that on or about November 20, 2007, Giant filed a Form 6-K with the Securities and Exchange Commission and respectfully refers the Court to the Form 6-K for a true and complete statement of its contents.

41. Denies each and every allegation of paragraph 41, except admits that on November 20, 2007, Giant held a conference call with analysts and investors and respectfully refers the Court to the transcript of that conference call for an account of the call's contents.

42. Denies each and every allegation of paragraph 42, except admits that on November 20, 2007, Giant held a conference call with analysts and investors and respectfully refers the Court to the transcript of that conference call for an account of the call's contents.

43. Denies each and every allegation of paragraph 43, except admits that Giant's share price closed at $14.88 per ADS on November 19, 2007, and at $11.10 per ADS on November 20, 2007.

### COUNT I

**Violations of Section 11 of the Securities Act
Against All Defendants**

44. Repeats and realleges all the answers set forth in paragraphs 1 through 43 as if fully set forth herein.

45. Declines to respond to paragraph 45 on the ground that it summarily purports to describe the nature of plaintiffs' action and thus no response is required.

46. Denies each and every allegation of paragraph 46.

47. Declines to respond to paragraph 47 on the ground that it states a legal conclusion to which no response is required. To the extent that a response is required, denies each and every allegation of paragraph 47, except admits that Giant is the registrant for the IPO.

48. Declines to respond to paragraph 48 on the ground that it states a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

49. Denies each and every allegation of paragraph 49 concerning Giant. With respect to all other Defendants, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49.

50. Denies each and every allegation of paragraph 50.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51.

52. Denies each and every allegation of paragraph 52.

53. Denies each and every allegation of paragraph 53, except admits that less than three years elapsed between the IPO and the date plaintiffs filed this Complaint.

## COUNT II

### Violations of Section 12(a)(2) of the Securities Act
### Against All Defendants

54. Repeats and realleges all the answers set forth in paragraphs 1 through 53 as if fully set forth herein.

55. Declines to respond to paragraph 55 on the ground that it purports to describe the nature of plaintiffs' action and thus no response is required.

56. Denies each and every allegation of paragraph 56 concerning Giant, except admits that Giant signed the Registration Statement in connection with the IPO. With respect to all other Defendants, denies knowledge or information sufficient to form a belief as to the truth of

the allegations of paragraph 56.

57. Denies each and every allegation contained in paragraph 57.

58. Admits the allegations of paragraph 58, and respectfully refers the Court to the Underwriting Agreement entered into in connection with the IPO for a true and complete statement of its contents.

59. Denies each and every allegation contained in paragraph 59.

60. Denies each and every allegation contained in paragraph 60.

61. Denies each and every allegation contained in paragraph 61.

62. Denies each and every allegation of paragraph 62, except to the extent that it states legal conclusions, to which no response is required.

63. Denies each and every allegation contained in paragraph 63.

## PRAYER FOR RELIEF

To the extent any response is required, Giant denies each and every allegation of the Complaint's Prayer for Relief.

## DEFENSES

Giant asserts the following defenses in response to the Complaint. In asserting these defenses, Giant does not admit that it has the burden of proof on issues as to which Plaintiffs properly bear the burden.

## FIRST DEFENSE

The Complaint fails to state a cause of action.

## SECOND DEFENSE

All or a portion of the damages alleged in the Complaint did not result from any alleged misstatements or omissions in the Registration Statement.

### THIRD DEFENSE

Plaintiffs cannot establish a causal connection between alleged misstatements or omissions in the Registration Statement and Plaintiffs' alleged damages.

### FOURTH DEFENSE

All or a portion of the damages alleged in the Complaint did not result from Giant but from parties not named as defendants in the Complaint.

### FIFTH DEFENSE

Giant's public filings contained meaningful cautionary statements that preclude the plaintiffs and any members of the putative class from prevailing on their claims.

### SIXTH DEFENSE

Plaintiffs are not entitled to any recovery because the substance of the material information they allege to have been omitted or misrepresented was in fact disclosed in Giant's public filings, prospectus, and other public releases, and was otherwise publicly available or widely known to the market and the investing community.

### SEVENTH DEFENSE

The claims asserted in the Complaint are barred because there were no misstatements or omissions of material facts.

### EIGHTH DEFENSE

The claims asserted in the Complaint are barred because any alleged misrepresentations or omissions in the Registration Statement were not material.

### NINTH DEFENSE

Plaintiffs are not entitled to any recovery because the Complaint is premised on an erroneous assumption that there were two alleged rule changes to discourage gold farming in ZT Online, when, in fact, there was only one rule change.

### TENTH DEFENSE

The action cannot be maintained as a class action under Fed. R. Civ. P. 23.

### ELEVENTH DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, because plaintiffs do not have standing to raise those claims.

### TWELFTH DEFENSE

The claims asserted in the Complaint are barred by lack of subject matter jurisdiction to the extent the putative class includes purchasers from outside of the United States.

### THIRTEENTH DEFENSE

The claims asserted in the Complaint are barred to the extent that the putative class includes purchasers of stock merely traceable to the IPO.

### FOURTEENTH DEFENSE

Giant adopts by reference any applicable defense pleaded by any other Defendant not expressly set forth herein.

WHEREFORE, Giant prays for judgment as follows:

(A) that plaintiffs' Complaint be dismissed with prejudice;

(B) for costs and disbursements of this action, including their reasonable attorneys' fees and whatever further relief the Court deems necessary, just or appropriate; and

(C) for any other ancillary and declaratory relief as the Court deems just and proper.

Respectfully submitted,

O'MELVENY & MYERS LLP

Dated:   September 23, 2009

By: /s/ Jonathan Rosenberg
    Jonathan Rosenberg
    Times Square Tower
    7 Times Square
    New York, New York  10036
    Telephone:  (212) 326-2000
    Facsimile:  (212) 326-2061
    jrosenberg@omm.com

    Seth Aronson
    400 South Hope Street
    Los Angeles, California 90071-2899
    Telephone:  (213) 430-6000
    Facsimile:  (213) 430-6407
    saronson@omm.com

    Meredith Landy
    2765 Sand Hill Road
    Menlo Park, California 94025-7019
    Telephone:  (650) 473-2600
    Facsimile:  (650) 473-2601
    mlandy@omm.com

*Attorneys for Defendant*
*Giant Interactive Group, Inc.*

## CERTIFICATE OF SERVICE

I, Torello H. Calvani, certify that on September 24, 2009, I caused a true and correct copy of the foregoing Answer to be electronically filed and served by first class mail upon the following:

A. Robert Pietrzak
Andrew W. Stern
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 839-5300
Facsimile:  (212) 839-5599
apietrzak@sidley.com
astern@sidley.com

*Attorneys for Defendants Merrill Lynch & Co. and UBS Investment Bank*

Samuel H. Rudman
**COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP**
58 South Service Road, Suite 200
Melville, NY 11747
Telephone:  (631) 367-7100
Facsimile:  (631) 367-1173
srudman@csgrr.com

-- AND --

Jack G. Fruchter
**ABRAHAM FRUCHTER & TWERSKY LLP**
One Pennsylvania Plaza, Suite 2805
New York, NY 10119
Telephone:  (212) 279-5050
Facsimile:  (212) 279-3655

*Attorneys for Plaintiffs*

                                        _____/s/ Torello H. Calvani_____
                                              Torello H. Calvani