UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

In re GIANT INTERACTIVE GROUP, INC.      :      Master File No. 1:07-cv-10588-RWS
SECURITIES LITIGATION                    :
————————————————————      :      CLASS ACTION
                                         :
This Document Relates To:                :      ECF Case
                                         :
        ALL ACTIONS.                     :
                                         :
———————————————————— x

## SETTLEMENT AGREEMENT

This Settlement Agreement dated July 21, 2011 (the "Stipulation") is made and entered into by and among: (i) the Court appointed Lead Plaintiffs Dunping Qui, Yihua Li, Xie Yong, Linming Shi, and Arthur Michael Gray (on behalf of themselves and each of the Class Members), by and through their counsel of record in the above-captioned action (the "Litigation"); and (ii) Defendants Giant Interactive Group, Inc. ("Giant"), UBS Investment Bank, a business division of UBS AG ("UBS"), and Merrill Lynch & Co., Inc. ("Merrill Lynch") ("UBS" and "Merrill Lynch" are referred to herein as the "Underwriter Defendants," and Giant and the Underwriter Defendants are collectively referred to as the "Defendants"), by and through their counsel of record in the Litigation. The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein), subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.   THE LITIGATION

On and after November 26, 2007, two complaints were filed in the United States District Court for the Southern District of New York on behalf of all Persons, other than Defendants, who purchased the American Depository Shares ("ADS") of Giant pursuant and/or traceable to Giant's initial public offering ("IPO") on or about November 1, 2007, through November 19, 2007, inclusive (the "Class" as defined herein). These cases were consolidated by this Court's Order dated July 30, 2008, and captioned as *In re Giant Interactive Group, Inc. Securities Litigation* under the case number 1:07-cv-10588-RWS. Following the appointment of Dunping Qui, Yihua Li, Xie Yong, Linming Shi, and Arthur Michael Gray as Lead Plaintiffs and the appointment of Co-Lead Counsel by the same Order, Lead Plaintiffs filed the Consolidated Amended Complaint for Violations of Federal Securities Laws ("CAC"). The CAC alleged that the Defendants violated Sections 11 and 12(a)(2) of the Securities Act of 1933. Defendants moved to dismiss the CAC on November 21,

- 1 -

2008. On August 5, 2009, the Court issued its opinion denying Defendants' motion to dismiss the CAC. Defendants each served an answer to the CAC.

Giant has produced more than two million pages of documents to Lead Plaintiffs, and the Underwriter Defendants have collectively produced more than 200,000 pages of documents. On June 24, 2010, in Hong Kong, Co-Lead Counsel deposed Giant's Chief Financial Officer, testifying as Giant's corporate designee under Rule 30(b)(6) of the Federal Rules of Civil Procedure. On July 30, 2010, the parties exchanged initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.

Lead Plaintiffs have produced documents in response to Defendants' document requests and have responded to interrogatories. Defendants have also taken the depositions of three of the Lead Plaintiffs and one other plaintiff. The parties attended a mediation session with the Honorable Layn R. Phillips, a former United States District Judge for the Western District of Oklahoma, on March 2, 2011. Prior to the mediation, each side submitted comprehensive mediation statements setting forth the strengths and weaknesses of their case. Although the mediation session, which lasted approximately eight hours, did not result in a settlement, Judge Phillips continued to engage the parties in ongoing settlement discussions. On March 21, 2011, Judge Phillips made a Mediator's Proposal, which was accepted by all parties on April 12, 2011.

## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims alleged by the Lead Plaintiffs in the Litigation. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendants also have denied and continue to deny, among other allegations, the allegations that the Lead Plaintiffs or the Class have suffered

- 2 -

any damage, that the price of Giant ADS was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, or that the Lead Plaintiffs or the Class were harmed by the conduct alleged in the CAC. Defendants believe that the evidence developed to date supports their position that they acted properly at all times and that the Litigation is without merit.

Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Litigation. Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III.   CLAIMS OF THE LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT

The Lead Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. However, the Lead Plaintiffs and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals. The Lead Plaintiffs and their counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation. The Lead Plaintiffs and their counsel also are mindful of the inherent problems of proof under, and possible defenses to, the securities law violations asserted in the Litigation. The Lead Plaintiffs and their counsel believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, the Lead Plaintiffs and their counsel have determined that the settlement set forth in the Stipulation is in the best interests of the Lead Plaintiffs and the Class.

- 3 -

## IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the

Lead Plaintiffs (for themselves and the Class Members, as defined herein) and the Defendants, by

and through their respective counsel or attorneys of record, that, subject to the approval of the Court,

the Litigation and the Released Claims shall be finally and fully compromised, settled, and released,

and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the

terms and conditions of the Stipulation, as follows:

**1.   Definitions**

As used in the Stipulation the following terms have the meanings specified below:

1.1    "Authorized Claimant" means any Class Member whose claim for recovery has been

allowed pursuant to the terms of the Stipulation.

1.2    "Claims Administrator" means the firm of Garden City Group, Inc.

1.3    "Class" means all Persons (other than those Persons who timely and validly request

exclusion from the Class) who purchased Giant ADS pursuant and/or traceable to Giant's IPO on or

about November 1, 2007, through November 19, 2007, inclusive, excluding the Defendants herein,

the directors, officers, partners, subsidiaries, and affiliates of any Defendant, any person, firm, trust,

corporation, officer, director or other individual or entity in which any Defendant has a controlling

interest, and the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such

excluded party.

1.4    "Class Member" or "Member of the Class" mean a Person who falls within the

definition of the Class as set forth in ¶1.3 above.

1.5    "Class Period" means the period commencing on November 1, 2007 through and

including November 19, 2007.

1.6    "Co-Lead Counsel" means Robbins Geller Rudman & Dowd LLP, Samuel H.

Rudman and Evan J. Kaufman, 58 South Service Road, Suite 200, Melville, NY 11747, and

Abraham, Fruchter & Twersky, LLP, Jack G. Fruchter and Lawrence D. Levit, One Pennsylvania Plaza, Suite 2805, New York, NY 10119.

    1.7    "Defendants" means Giant, UBS, and Merrill Lynch.

    1.8    "Effective Date," or the date upon which this settlement becomes "effective," means three (3) business days after the date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

    1.9    "Escrow Agent" means the law firms of Robbins Geller Rudman & Dowd LLP and Abraham, Fruchter & Twersky, LLP or their successor(s).

    1.10    "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend the Judgment is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this settlement, but shall not include any appeal which concerns only the issue of attorneys' fees and expenses, the Plan of Allocation of the Settlement Fund, as hereinafter defined, or the procedures for determining Authorized Claimants' recognized claims.

    1.11    "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

    1.12    "Lead Plaintiffs" means Dunping Qui, Yihua Li, Xie Yong, Linming Shi, and Arthur Michael Gray.

1.13    "Litigation" means the consolidated actions under case number 1:07-cv-10588-RWS.

1.14    "Net Settlement Fund" means the Settlement Fund less any attorneys' fees, costs, and expenses, and any award to Plaintiffs, provided for herein or approved by the Court and less notice and administration costs, Taxes and Tax Expenses, and other Court-approved deductions.

1.15    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.16    "Plaintiffs" means the Lead Plaintiffs and the Class.

1.17    "Plaintiffs' Counsel" means any counsel who has appeared in the Litigation on behalf of Plaintiffs.

1.18    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses, and interest, as well as Plaintiffs' expenses, if any, as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

1.19    "Related Parties" means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, related or affiliated entities, or any entity in which a Defendant has a controlling interest.

1.20    "Released Claims" shall collectively mean any and all claims arising from the purchase of Giant ADS pursuant and/or traceable to Giant's IPO on or about November 1, 2007, through November 19, 2007, inclusive, and the acts, facts, statements, and/or omissions that were or

- 6 -

could have been alleged in the Litigation.  "Released Claims" includes "Unknown Claims" as defined in ¶1.25 hereof.  Released Claims does not include any ERISA claims.

      1.21    "Released Persons" means each and all of the Defendants and their Related Parties.

      1.22    "Settlement Amount" means Thirteen Million Dollars ($13,000,000) in cash to be paid by wire transfer to the Escrow Agent pursuant to ¶2.1 of this Stipulation.

      1.23    "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto and which may be reduced by payments or deductions as provided herein or by Court order.

      1.24    "Settling Parties" means, collectively, the Defendants and the Plaintiffs.

      1.25    "Unknown Claims" means any Released Claims which Lead Plaintiffs or Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision not to object to this settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Lead Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. The Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiffs shall expressly settle and release and each Class Member, upon the Effective

- 7 -

Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the settlement of which this release is a part.

### 2.      The Settlement

#### a.      The Settlement Fund

2.1      Giant or its counsel shall cause the principal amount of $13,000,000 in cash to be paid to the Escrow Agent by Giant's insurers within thirty (30) days after preliminary approval of the settlement by the Court, provided that if Co-Lead Counsel have not provided all required funding information and a tax identification number before the Court grants preliminary approval, the thirty (30) days shall not begin to run until Co-Lead Counsel provide the required funding information and tax identification number. If the entire Settlement Amount is not timely transferred to the Escrow Agent, Co-Lead Counsel may terminate the settlement only if (i) Co-Lead Counsel have notified Defendants' counsel in writing of Co-Lead Counsel's intention to terminate the settlement and (ii) the entire Settlement Amount is not transferred to the Escrow Agent within ten (10) days after Co-Lead Counsel have provided such written notice.

#### b.      The Escrow Agent

2.2      The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.1 hereof in short term United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the

- 8 -

United States Government or an Agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund.

2.3    The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of Defendants' counsel.

2.4    Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.

2.5    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.6    Without further order of the Court, the Settlement Fund may be used by Co-Lead Counsel to pay reasonable costs and expenses actually incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any.

        **c.**    **Taxes**

2.7    (a)    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.7, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

- 9 -

(b)      For the purpose of Section 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶2.7(a) hereof) shall be consistent with this ¶2.7 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.7(c) hereof.

(c)      All (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Defendants or their Related Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.7 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.7) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Defendants and their Related Parties shall have no liability or responsibility for the Taxes or the Tax Expenses.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Defendants and their Related Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow

- 10 -

Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Defendants nor their Related Parties are responsible nor shall they have any liability for any Taxes or Tax Expenses. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.7.

### d.      Termination of Settlement

2.8      In the event that the Stipulation is not approved or the Stipulation is terminated, canceled, or fails to become effective for any reason, the Settlement Fund (including accrued interest) less expenses paid, incurred or due and owing in connection with the settlement provided for herein, shall be refunded pursuant to written instructions from Defendants' counsel (in accordance with ¶7.4 herein).

### 3.      Preliminary Approval Order and Final Approval Hearing

3.1      Promptly after execution of the Stipulation, the Settling Parties shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the settlement set forth in the Stipulation, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto. The Notice shall include the general terms of the settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, as defined in ¶6.1 hereof, and the date of the Final Approval Hearing as defined below.

3.2      Co-Lead Counsel shall request that after notice is given, the Court hold a hearing (the "Final Approval Hearing") and approve the settlement of the Litigation as set forth herein. At or

- 11 -

after the Final Approval Hearing, Co-Lead Counsel also will request that the Court approve the proposed Plan of Allocation, the Fee and Expense Application, and the Plaintiffs' awards and request for reimbursement of expenses, if any.

**4.      Releases**

4.1      Upon the Effective Date, as defined in ¶1.8 hereof, the Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release or shares in the Settlement Fund.

4.2      The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3      Upon the Effective Date, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Persons.

4.4      Upon the Effective Date, as defined in ¶1.8 hereof, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Lead Plaintiffs, each and all of the Class Members, and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

**5.      Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1      The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims

619217_2

submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2     The Settlement Fund shall be applied as follows:

(a)     to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any;

(b)     to pay the Taxes and Tax Expenses described in ¶2.7 hereof;

(c)     after entry of the Judgment, to pay counsel to the Plaintiffs attorneys' fees and expenses (the "Fee and Expense Award"), and to reimburse the Lead Plaintiffs for their expenses and pay any awards to Plaintiffs, if and to the extent allowed by the Court; and

(d)     after the Effective Date, to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3     After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the provisions set forth below.

5.4     Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

- 13 -

5.5     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Co-Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Settlement Fund is not materially delayed thereby.

5.6     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  If there is any balance remaining in the Net Settlement Fund after six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Co-Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion.  Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to an appropriate non-profit organization.

5.7     The Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith.  No Person shall have any claim of any kind against the Defendants or their Related Parties with respect to the matters set forth in ¶¶5.1-5.9 hereof; and the Class Members, the Lead Plaintiffs, and Co-Lead Counsel release the Defendants and their Related Parties from any and all liability and claims arising from or with respect to the investment or distribution of the Settlement Fund.

5.8     No Person shall have any claim against the Lead Plaintiffs, Co-Lead Counsel or the Claims Administrator, or any other Person designated by Co-Lead Counsel, based on distributions

- 14 -

made substantially in accordance with the Stipulation and the settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.9     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the settlement set forth therein, or any other orders entered pursuant to the Stipulation.

## 6.     Lead Plaintiffs' Counsel's Attorneys' Fees and Expenses

6.1     Co-Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to Plaintiffs' Counsel from the Settlement Fund for: (a) an award of attorneys' fees; and (b) expenses incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. Co-Lead Counsel reserve the right to make additional applications for fees and expenses incurred.

6.2     The fees and expenses, as awarded by the Court, shall be paid to Co-Lead Counsel, as ordered, immediately after the Court executes an order awarding such fees and expenses and enters the Judgment. Co-Lead Counsel may thereafter allocate the attorneys' fees among other Plaintiffs' Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

6.3     In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and in the event that the provisional reimbursement described in ¶6.1 or the Fee and Expense Award has been paid to any extent, then such of Plaintiffs' Counsel who

- 15 -

have received any portion of the provisional reimbursement as described in ¶6.1 or the Fee and Expense Award shall within five (5) business days from receiving notice from the Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification. Each such Plaintiffs' Counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph. Without limitation, Plaintiffs' Counsel agree that the Court may, upon application of Defendants and notice to Co-Lead Counsel, summarily issue orders including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should such law firm fail timely to repay fees and expenses pursuant to this ¶6.3.

6.4    The Lead Plaintiffs may submit applications for reimbursement of their time and expenses incurred in the prosecution of the Litigation. However, in the event that the Effective Date does not occur, or the judgment or the order approving Lead Plaintiffs' applications for reimbursement of their time and expenses is reversed or modified, or the Stipulation is canceled or terminated for any other reason, then the Lead Plaintiffs shall within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such reimbursement for time and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification. Lead Plaintiffs, if they receive reimbursement under this paragraph, as a condition of receiving such reimbursement, agree that they, and each of them, are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph. An application for an award for pursuing the prosecution of this Litigation can also be

made on behalf of those Plaintiffs who were deposed in this case, and the granting of any such awards are subject to the terms of this paragraph as if a reimbursement.

6.5     The procedure for and the allowance or disallowance by the Court of any applications by any Plaintiffs' Counsel for attorneys' fees and expenses, or the expenses of the Lead Plaintiffs or awards to Plaintiffs, to be paid out of the Settlement Fund, are not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or the Lead Plaintiffs' expense applications or Plaintiff awards, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein.

6.6     Defendants and their Related Parties shall have no responsibility for any payment of attorneys' fees and expenses to Plaintiffs' Counsel over and above payment out of the Settlement Fund.

6.7     Defendants and their Related Parties shall have no responsibility for the allocation among Plaintiffs' Counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation, and the Defendants and their Related Parties take no position with respect to such matters.

7.     **Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     Giant has timely made or caused to be made its contribution to the Settlement Fund, as required by ¶2.1 hereof;

- 17 -

(b)    the Court has entered the Preliminary Approval Order, as required by ¶3.1 hereof;

(c)    Giant has not exercised its option to terminate the Stipulation pursuant to ¶7.3 hereof;

(d)    the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and

(e)    the Judgment has become Final, as defined in ¶1.10 hereof.

7.2    Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of the Defendants or the Defendants' insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If it becomes clear that all of the conditions specified in ¶7.1 hereof cannot or will not be met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Co-Lead Counsel and Defendants' counsel mutually agree in writing to proceed with the Stipulation.

7.3    Giant shall have the option to terminate the settlement in the event that Class Members who purchased in the aggregate more than a certain number of shares of Giant ADS pursuant and/or traceable to Giant's IPO during the Class Period choose to exclude themselves from the Class, as set forth in a separate agreement (the "Supplemental Agreement") executed between Co-Lead Counsel and Defendants' counsel. The Supplemental Agreement will not be filed with the Court unless a dispute among the Settling Parties concerning its interpretation or application arises and in that event, the Supplemental Agreement shall be filed and maintained by the Court under seal.

7.4    Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by Defendants' counsel or Co-Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been disbursed

- 18 -

pursuant to ¶¶2.6 and 2.7 hereof, or are determined to be chargeable to the Settlement Fund, shall be refunded by the Escrow Agent directly to the entities that provided the funds based on their *pro rata* contribution to the Settlement Fund.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, in a similar *pro rata* manner.

7.5     In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of April 12, 2011. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.25, 2.6-2.8, 6.3-6.4, 7.4-7.6, and 8.3 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses, and interest awarded by the Court to any of Plaintiffs' Counsel or expenses to the Lead Plaintiffs or awards to Plaintiffs shall constitute grounds for cancellation or termination of the Stipulation.

7.6     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither the Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly disbursed pursuant to ¶2.6.  In addition, any expenses already incurred pursuant to ¶2.6 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.8 and 7.4 hereof.

## 8.     Miscellaneous Provisions

8.1     The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement

- 19 -

all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2     The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Final Judgment will contain a finding that, during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Settling Parties agree that the Settlement Amount and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

8.3     Neither the Stipulation nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Defendants may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.4     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

- 20 -

8.5    All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.6    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.7    The Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own costs.

8.8    Co-Lead Counsel, on behalf of the Class, are expressly authorized by the Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

8.9    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

8.10    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.

8.11    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

8.12    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

8.13    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and

- 21 -

governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys, dated July 21, 2011.

ROBBINS GELLER RUDMAN
   & DOWD LLP
SAMUEL H. RUDMAN
EVAN J. KAUFMAN
ERIN W. BOARDMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
ekaufman@rgrdlaw.com
eboardman@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
ELLEN GUSIKOFF STEWART
JOHN J. RICE

_____
   ELLEN GUSIKOFF STEWART

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com
jrice@rgrdlaw.com

- 22 -

ABRAHAM, FRUCHTER & TWERSKY, LLP
JACK G. FRUCHTER
LAWRENCE D. LEVIT

_____
JACK G. FRUCHTER

One Pennsylvania Plaza, Suite 2805
New York, NY 10119
Telephone: 212/279-5050
212/279-3655 (fax)
jfruchter@aftlaw.com
llevit@aftlaw.com

Co-Lead Counsel for Plaintiffs

O'MELVENY & MYERS LLP
JONATHAN ROSENBERG


_____
JONATHAN ROSENBERG

Times Square Tower
7 Times Square
New York, NY 10036
Telephone: 212/326-2000
212/326-2061 (fax)

O'MELVENY & MYERS LLP
SETH ARONSON
400 South Hope Street, 10th Floor
Los Angeles, CA 90071-2899
Telephone: 213/430-6000
213/430-6407 (fax)

Attorneys for Defendant
Giant Interactive Group, Inc.

- 23 -

619217_2

ABRAHAM, FRUCHTER & TWERSKY, LLP
JACK G. FRUCHTER
LAWRENCE D. LEVIT

_____
                JACK G. FRUCHTER

One Pennsylvania Plaza, Suite 2805
New York, NY  10119
Telephone:  212/279-5050
212/279-3655 (fax)
jfruchter@aftlaw.com
llevit@aftlaw.com

Co-Lead Counsel for Plaintiffs

O'MELVENY & MYERS LLP
JONATHAN ROSENBERG

_____
                JONATHAN ROSENBERG

Times Square Tower
7 Times Square
New York, NY 10036
Telephone:  212/326-2000
212/326-2061 (fax)

O'MELVENY & MYERS LLP
SETH ARONSON
400 South Hope Street, 10th Floor
Los Angeles, CA  90071-2899
Telephone:  213/430-6000
213/430-6407 (fax)

Attorneys for Defendant
Giant Interactive Group, Inc.

- 23 -

619217_2

SIDLEY AUSTIN LLP
A. ROBERT PIETRZAK
ANDREW W. STERN

_____
ANDREW W. STERN

787 7th Avenue
New York, NY 10019
Telephone: 212/839-5300
212/839-5599 (fax)

Attorneys for Defendants
UBS Investment Bank and
Merrill Lynch & Co., Inc.

- 24 -

619217_2

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 27, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 27, 2011.

s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail: elleng@rgrdlaw.com

# Mailing Information for a Case 1:07-cv-10588-RWS

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mario Alba , Jr**
  malba@rgrdlaw.com,e_file_ny@rgrdlaw.com,drosenfeld@rgrdlaw.com

- **Erin Whitney Boardman**
  eboardman@csgrr.com

- **Vikeena Kimberly Bonett**
  vbonett@sidley.com

- **Arthur J. Chen**
  achen@aftlaw.com

- **Sara May Folchi**
  sfolchi@omm.com,mpaul@omm.com

- **Jack Gerald Fruchter**
  jfruchter@aftlaw.com

- **Evan Jay Kaufman**
  ekaufman@rgrdlaw.com

- **Lawrence Donald Levit**
  llevit@aftlaw.com

- **Alfred Robert Pietrzak**
  rpietrzak@sidley.com

- **Jonathan Rosenberg**
  jrosenberg@omm.com,#nymanagingattorney@omm.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Evan J. Smith**
  esmith@brodsky-smith.com

- **Peter Todd Snow**
  psnow@omm.com,kkirk@omm.com

- **Dorothy Jane Spenner**
  dspenner@sidley.com

- **Andrew W. Stern**

astern@sidley.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Seth Aronson**
O'Melveny & Myers LLP
Seven Times Square
New York, NY 10036

**Meredith N. Landy**
O'Melveny & Myers, L.L.P.
Seven Times Square
New York, NY 10036

**Lori E. Romley**
O'Melveny & Myers LLP
Seven Times Square
New York, NY 94025-7019

**Ellen Gusihoff Stewart**
Robbins Geller Rudman & Dowd LLP (San Diego)
655 West Broadway
Suite 1900
San Diego, CA 92101